[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12737
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-01099-VMC-TGW


RICHARD CORNELL,

                                        Plaintiff-Appellant,

versus

MEGAN J. BRENNAN,
POST MASTER GENERAL,
UNITED STATES POSTAL SERVICES,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 13, 2019)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Richard Cornell appeals the grant of summary judgment in favor of his former employer, the United States Postal Service (USPS), in his action for gender discrimination and gender-based hostile work environment under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-16.  Cornell contends the district court erred in granting summary judgment in favor of the USPS on both his gender discrimination and gender-based hostile work environment claims revolving around the application of the USPS's uniform policy.  After review,[1] we affirm.

## I.  BACKGROUND

Cornell's allegations relevant to the appeal are as follows.  From 2012 to 2014, the USPS maintained strict rules and regulations regarding uniforms for both male and female employees.  During this period, it required Cornell to wear his uniform at all times, and it threatened him with discipline if he were to fail to comply.  During this same period, however, it allowed four female employees to not wear their uniforms at all times, and it did not discipline or warn them about their failure to comply with the rules.  One of the female employees, Anh Tran,

---

[1] We review *de novo* a district court's grant of summary judgment, viewing all evidence and reasonable factual inferences drawn from it in the light most favorable to the nonmoving party. *Crawford v. Carroll*, 529 F.3d 961, 964 (11th Cir. 2008). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (citing Fed. R. Civ. P. 56(c)).

was similarly situated to Cornell.  On several occasions he complained to supervisors about certain females violating the uniform policy, but they told him that he had to wear his uniform, and did nothing about the females.  Cornell alleged this conduct resulted in him being discriminated against based on his gender and created a hostile work environment, both in violation of Title VII.

## II.  DISCUSSION

### A.  Discrimination

We review discrimination cases involving circumstantial evidence under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Jefferson v. Sewon Am. Inc.*, 891 F.3d 911, 921-22 (11th Cir. 2018).  Under this framework, the plaintiff is first required to establish a *prima facie* case of discrimination.  *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010).  To establish a *prima facie* discrimination claim, the plaintiff must show, among other things, that he suffered an adverse employment action and that he was treated less favorably than a similarly-situated individual outside his protected class.  *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003).

The district court did not err in granting summary judgment on Cornell's gender discrimination claim in favor of the USPS because Cornell failed to establish that he suffered an adverse employment action and that his identified

comparator was similarly situated in all material respects.  First, Cornell never suffered from an adverse employment action.  *See Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1238-39 (11th Cir. 2001) (stating to prove an adverse employment action an employee has to show a serious and material change in the terms, conditions, or privileges of his employment, and not all conduct by an employer negatively affecting an employee constitutes adverse employment action in a discrimination context).  Cornell testified in his deposition that he followed the rule that required him and other employees who were window qualified to wear their USPS uniform at all times and that he did not mind the rule.  Because Cornell followed the rule, he was never disciplined for failing to follow the rule.

Furthermore, Cornell's argument that he lost prestige as a result of being required to wear a uniform, and thus, suffered an adverse employment action lacks merit because it involves only his subjective beliefs.  *See id.* at 1239 ("[T]he employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances.").  Without more, such as a demotion, change in title, change in pay, change in work hours, or a transfer, Cornell's perceived loss of prestige is insufficient to establish that he suffered an adverse employment action.  *See id.* at 1242 ("[A]n employee who receives criticism or a negative evaluation may lose self-esteem and conceivably may suffer

4

a loss of prestige in the eyes of others who come to be aware of the evaluation. But the protections of Title VII simply do not extend to everything that makes an employee unhappy," and thus, "will rarely—without more—establish the adverse action necessary to pursue a claim under Title VII's anti-discrimination clause" (quotations omitted)); *Doe v. Dekalb County School Dist.*, 145 F.3d 1441, 1452 n.19 (11th Cir. 1998) (noting, in determining whether a defendant suffered from an adverse employment action in the American with Disabilities Act context, that "loss of prestige, either within an organization or with regard to the general public, is an objective factor that a court should consider as part of a reasonable person test").

Second, Cornell failed to show that he and Tran were similarly situated in all material respects. *See Lewis v. City of Union City*, 918 F.3d 1213, 1218 (11th Cir. 2019) (en banc) (holding a comparator is an employee "similarly situated in all material respects"). To the contrary, they were not engaged in the same conduct because Cornell followed the rule that required him to wear his uniform at all times, while, viewing the facts most favorable to Cornell, Tran did not. *See id.* at 1227 (explaining a valid comparator ordinarily "will have engaged in the same basic conduct (or misconduct) as the plaintiff"). Thus, Cornell failed to put forth a *prima facie* case of discrimination, and the district court did not err in granting summary judgment.

## B. Hostile Work Environment

To establish a *prima facie* case of a hostile work environment, a plaintiff may show that: (1) he belongs to a protected group; (2) he has been subject to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such environment under a theory of vicarious or direct liability. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

The requirement that the harassment be "severe or pervasive" contains an objective and a subjective component. *Id*. at 1276. "Thus, to be actionable, this behavior must result in both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceives . . . to be abusive." *Id*. (quotations omitted). Ultimately, Title VII is not a general civility code; "ordinary tribulations of the workplace, such as sporadic use of abusive language, gender-related jokes, and occasional teasing" cannot form the basis of a claim for actionable harassment or hostile work environment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Instead, "conduct must be extreme to amount to a change in the terms and conditions of employment." *Id*.

The district court did not err in granting summary judgment to the USPS on Cornell's hostile work environment claim.  While Cornell subjectively believed that he experienced a hostile work environment, the district court did not err in concluding that his work environment was not objectively hostile.  This is because no evidence, other than Cornell's own subjective beliefs, showed that: (1) his job performance suffered; (2) USPS employees, other than Cornell, were humiliated by being required to wear a uniform; or (3) Cornell was physically threatened. Although USPS officials may have threatened to discipline Cornell, the threatened discipline was for failing to purchase a uniform with USPS funds and failing to accept a uniform that was purchased with USPS funds.  He was not disciplined for refusing to wear the uniform, which Cornell stated he had no problem doing.

The conduct alleged by Cornell does not rise to the level of severe or pervasive conduct as discussed in our prior precedents.  *Compare Jones v. UPS Ground Freight*, 683 F.3d 1283, 1302-04 (11th Cir. 2012) (concluding that seven incidents of racist acts over a year, some of which—e.g., two incidents involving the placement of banana peels on the plaintiff's truck, co-workers wearing Confederate clothing, and a threatening confrontation with several co-workers— occurred within a two-week period near the end of the plaintiff's employment, collectively raised a jury question as to whether he endured a hostile work environment); *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 811-14

7

(11th Cir. 2010) (coworkers' frequent use of gender-specific derogatory comments, together with an incident where a coworker displayed a pornographic image of a woman on his computer, held to create a genuine issue of material fact regarding hostile work environment); *Hulsey v. Pride Rests., LLC*, 367 F.3d 1238, 1248 (11th Cir. 2004) (holding that supervisor's propositioning of plaintiff for sex, following her into the restroom, and repeatedly attempting to touch her breasts, place his hands down her pants, and pull off her pants was enough evidence to create a genuine issue of material fact regarding severe or pervasive harassment); *with McCann v. Tillman*, 526 F.3d 1370, 1378-79 (11th Cir. 2008) (instances of racially derogatory language over a period of two-and-a-half years were "too sporadic and isolated" to qualify as severe or pervasive); *Webb-Edwards v. Orange Cnty. Sheriff's Ofc.*, 525 F.3d 1013, 1027-28 (11th Cir. 2008) (supervisor's comments that female plaintiff "looked hot" and "should wear tighter clothing, and that women who dye their hair have issues at home, were taunting and boorish" but not hostile or abusive); *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1247-49 (11th Cir. 1999) (en banc) (supervisor that "constantly" followed the plaintiff and stared at her, twice made a "sniffing motion" in the plaintiff's groin area, rubbed his hip against the plaintiff's hip while touching her shoulder and smiling, and once told the plaintiff, "I'm getting fired up" had not engaged in severe or pervasive

conduct).  Accordingly, the district court did not err in granting summary judgment

on Cornell's hostile work environment claim.

**AFFIRMED**.